IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS J. ALAYON-ALVAREZ
IRAIDA IRIZARRY-MALDONADO
Plaintiffs

vs

HOSPITAL METROPOLITANO DR. SUSONI, INC.
CONTINENTAL CASUALTY COMPANY
JOHN DOE
Defendants

CIVIL 07-1214CCC

**OPINION AND ORDER**

The action before us arises from allegations of a violation of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. §1395dd, et. seq. The events alleged in the complaint supporting the cause of action are as follows:

On or about April 6, 2005 plaintiff Luis J. Alayón-Alvarez was admitted to defendant Hospital Metropolitano Dr. Susoni (the Hospital), having been referred from the Villa Los Santos Diagnostic and Treatment Center. He remained a patient there until April 12, 2005 when he was released with what plaintiffs allege was a serious medical condition, including severe pain (¶8), in violation of 42 U.S.C. §(B)(1)(A). Plaintiffs aver that, ". . . the absence of immediate medical attention resulted in 1) and caused serious jeopardy to his health; 2) serious impairment to [his] bodily function; and 3) serious dysfunction of his bodily organs." (Id.) It avers that evidence of plaintiff's unstable condition is supported by the fact that he had to be admitted to Hospital Damas in Ponce, Puerto Rico, less than twenty-four hours after defendant Hospital discharged him (¶ 11). Plaintiffs, therefore, contend that the Hospital failed to stabilize Alayón before sending him home, in violation of 42 U.S.C. §1395dd. He seeks damages for his pain, emotional trauma, aggravation and worsening of his medical condition (¶13).

Alayón's wife, plaintiff Iraida Irizarry-Maldonado avers that, "[a]s a consequence of defendant's violation of EMTALA, the wife has been and will remain substantially deprived

CIVIL 07-1214CCC                                  2

of her husband's love, affection and companionship" (¶17). She also alleges that, "her husband's pain, suffering and incapacitation have required [her] to provide assistance and care necessitated by her husband's chronic sickness, debility and pain beyond that required before he was wrongfully released from defendant's hospital" (¶18).

The action is now before us defendants' Motion for Summary Judgment filed April 8, 2008 (**docket entry 22**). Plaintiffs opposed the motion (**docket entry 26**) and defendants replied (**docket entry 28**).

SUMMARY JUDGMENT STANDARD

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Sands v. Ridefilm Corp., 212 F.3d. 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina Vargas, 168 F.3d. 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala,124 F.3d. 298, 306 (1st Cir. 1997). The non-moving party must establish the existence of at least one relevant and material fact in dispute to defeat such a motion. Brennan v. Hendrigan, 888 F.2d 129 (1st Cir. 1989).

The purpose of a summary judgment motion is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791, 794 (1st Cir. 1992). The Court must look at the record in the light most favorable to the non-moving party; however the Court need not rely on unsubstantiated allegations. Rather, the non-moving party may only overcome the motion with evidence sufficient to raise a genuine issue of fact that is both relevant and material. See, Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986). That is, "the mere existence of some alleged factual dispute between the

CIVIL 07-1214CCC                                         3

parties will not defeat an otherwise properly supported motion [...]." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

Defendants argue that there was an appropriate medical screening and that there is no duty to stabilize if it does not detect an emergency medical condition which, it contends, is the situation here. Notwithstanding, more than half of defendants' motion is addressed to the standards under EMTALA and the criteria of an appropriate medical screening examination. The modality of failure to appropriately screen, however, is not an issue here; Alayón was sent by ambulance from the CDT to the Hospital, where he was screened, correctly diagnosed with severe pain and acute pancreatitis,[1] admitted to the Hospital and remained for six days. The issue before us is whether his condition was stabilized when he was discharged from the Hospital on April 12, 2005.

Defendants argue at page 10 of their motion that, "there is no evidence in the record whatsoever nor any evidence has been produced by plaintiffs showing that [the Hospital] determined that Mr. Alayón Alvarez was suffering from an emergency medical condition." There is no dispute that Alayón was diagnosed at the Hospital with severe pain and acute pancreatitis. Therefore, the first hurdle to be surmounted is the determination of whether severe pain and acute pancreatitis constitute an emergency medical condition. 42 U.S.C. §1395dd(e)(1)(A) defines "an emergency medical condition as:

> a medical condition manifesting itself by acute symptoms of sufficient severity (**including severe pain**) such that the absence of immediate medical attention could reasonably be expected to result in (i) placing the health of the individual . . . in serious jeopardy, (ii) serious impairment to bodily functions, or (iii) serious dysfunction of any bodily organ or part.

(Emphasis ours.)

---

[1] See plaintiffs' Exhibit D, page 6.

CIVIL 07-1214CCC                                         4

The diagnosis of severe pain and acute pancreatitis places Alaylón's illness within the realm of an emergency medical condition, if it results in any of the three possibilities listed in the definition. By way of argument only, defendants state, at page 10 of their motion:

> First of all, there is no evidence in the record whatsoever nor any evidence has been produced by plaintiffs showing that [the Hospital] determined Mr. Alayón Alvarez was suffering from an emergency medical condition. . . . EMTALA does not hold hospitals accountable for failing to stabilize conditions of which they are not aware, or even conditions that they should have been aware. (Sic)

Defendants' argument begs the question. The Hospital did make a diagnosis: severe pain and acute pancreatitis.[2] They neither argue nor present evidence that this did not constitute an emergency medical condition. Therefore, plaintiffs were no obliged to present evidence that it was an emergency medical condition.

With regard to stabilization, defendant argues that if plaintiff had, in fact, been suffering from an emergency medical condition, the condition had been stabilized before Alayón was discharged. In support of this conclusion they submit raw medical records, i.e. that amylase and lipase levels were within normal limits and that plaintiff was not in pain. The conclusion defendant draws from these records, however, are refuted by the May 14, 2008 affidavit of Dr. Claudia Lorenzo who, after reviewing Alayón's medical records, states:

> 16. According to the medical records of Dr. Susoni Hospital, there was no evidence of [a] physical exam evaluation by a doctor before discharge, but according to Mr. Alayón's affidavit, I can conclude that this patient was not stable at the time of discharge due to presented pain, abdomen distended and inflammation of gallbladder which needed to be removed to stabilize his condition.

Plaintiffs' opposition, docket entry 26, Exhibit B.

---

[2]Plaintiff's claims are to some degree based on the fact that, after his discharge, he was taken to Hospital Damas, where he was diagnosed with "acute pancreatitis, colecistitis, pleural effusion, lower left lobe atelectasia and cholelitiasis." See, Plaintiffs' Response to Defendants' Uncontested Material Facts, docket entry 26-2, ¶14.

CIVIL 07-1214CCC                                    5

For the above-stated reasons, the Court having found relevant issues of material fact, the Motion For Summary Judgment **(docket entry 22)** is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on March 11, 2009.

                                    S/CARMEN CONSUELO CEREZO
                                    United States District Judge